UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWENDOLYN WILKERSON, <br><br> Plaintiff, <br><br> v. <br><br> ALEJANDRO MAYORKAS, *et al.*, <br><br> Defendants. | Civil Action No. 23-3191 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Gwendolyn Wilkerson has filed a largely indecipherable action against the Secretary of Homeland Security and various other individuals for unspecified discrimination. Although she checks boxes for a litany of protected characteristics, she never articulates how she was targeted and why. Because Plaintiff's allegations state no claim upon which relief can be granted, the Court will grant Defendants' Motion to Dismiss.

**I.   Background**

Wilkerson filled out a form Complaint and indicated that she was suing under Title VII and the Age Discrimination in Employment Act for retaliation, harassment, "theft," and unspecified "prohibited practices" from 2016 to 2022. See ECF No. 1 (Compl.) at 3, 4. She then noted that the discrimination occurred because of her race, color, gender/sex, religion, national origin, and age. Id. at 4. She never bothers to mention, however, where she is from or what her race, color, or religion is. Instead, in addition to noting that she was born in 1949, id., she offers only the following, which the Court quotes in full:

> Terrie Johnson, Head Supervisor inappropriately touched me. After advising him of this, I did not receive the $365.00 award and dispatched to four different supervisors where I was humiliated,

1

> harassed, retaliated against, given unlawful AWOL, AWOL that was reported to personnel without my knowledge, my time sheet demonstrated 345 hours; however, another personnel office had 450 hours of AWOL leave; Mattson provided AWOL after reporting and attending an EEO meeting she approved with Mr. Kongolo; provided and advised I was AWOL for a mandatory meeting the entire office including me had to attend; actually Mattson was aware of my presence, but chose to with her deceptive untruths to finish me off; Mattson and all of Management were modifying documents to make it appear I was not executing at the level I was actually; deleting my work documents; changing dates; prior to moving to our new office in Chantilly Mr Wynn advised everyone to pick up their items during work schedule however

Id. at 5.

Defendants have moved to dismiss, pointing out that there is no individual liability under Title VII or the ADEA and that the Complaint has not made out a claim under either statute. See ECF No. 10 (MTD).

Plaintiff did oppose the Motion, see ECF No. 13 (Opp.), and as the Court of Appeals requires district courts to also consider all facts set forth in a plaintiff's opposition to a motion to dismiss, see Brown v. Whole Foods Market Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015), the Court sets those out in full as well:

> Plaintiff is willing to provide interrogatories due to past reasons that DHS attorney Slowen who misrepresented herself as the judge of the day at the EEOC level, provided erroneous passwords for the Report of Investigation (ROI) are all with this same government office who are allowed to perform in a way DHS governs that is not becoming of an attorney. It is Plaintiff's belief this attorney will not act differently or may act worse.
>
> At this time, because of all the unlawful events of incorrect illegal passwords, unlawful AWOL more than 450 hours, shortening Plaintiff's amount of government time served, from 42 years to 23 years of government service, there are no funds available to purchase the print out of a deposition along with past medical expense payments to a psychiatric stay at a medical facility for suicide attempt, and Sidney Wynn reporting that the IT Specialist took a picture under Appellant's skirt while in a stand up meeting.

2

Opp. at 1.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss any count of a complaint that fails "to state a claim upon which relief can be granted." At the motion-to-dismiss stage, the factual allegations presented in a complaint must be presumed true and should be liberally construed in the plaintiff's favor. See Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Although pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (cleaned up). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and there must be "more than a sheer possibility that a defendant has acted unlawfully." Id.

## III. Analysis

Given Wilkerson's *pro se* status, the Court must construe her Complaint liberally. See Turner v. Corr. Corp. of Am., 56 F. Supp. 3d 32, 35 (D.D.C. 2014). In order to overcome a motion to dismiss on a discrimination or retaliation claim, moreover, she need not plead all elements of a *prima facie* case in her Complaint, see Gordon v. U.S. Capitol Police, 778 F.3d 158, 161–62 (D.C. Cir. 2015), but she still must give the Court enough facts about "what . . . [,] who . . . [,] and how" that make such a claim plausible. Arnold v. Speer, 251 F. Supp. 3d 269, 273 (D.D.C. 2017). Discrimination complainants must also connect "the adverse actions of which [they] complain[]" to allegations of discrimination. Id. None of this appears in

3

Wilkerson's pleadings.

Even assuming that she has sufficiently alleged certain adverse actions — perhaps loss of a financial award and placement on AWOL status — there is no allegation that any were the result of her race, color, religion, national origin, or age. The best the Court can surmise is that retaliation could have resulted from reporting an inappropriate touching — one not described with enough specificity to constitute harassment — but we have no idea who was the retaliator, whether that individual was aware of any protected communication, and whether such communication in fact occurred. See Duncan v. Washington Metro. Area Transit Auth., 214 F.R.D. 43, 50 (D.D.C. 2003) (to make out retaliation claim, "a plaintiff must show that (1) he engaged in statutorily protected activity, (2) the employer was aware of the activity; (3) the plaintiff suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action") (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Indeed, we have no idea when any of this occurred and whether it has been administratively exhausted or could be barred as untimely. For these reasons, Plaintiff has failed to present facts in the Complaint "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The Court cannot conclude that DHS misconduct is more than a "sheer possibility." Iqbal, 556 U.S. at 678. Dismissal is thus warranted.

## IV.     Conclusion

The Court will, accordingly, grant Defendants' Motion to Dismiss without prejudice. A separate Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: April 18, 2024